IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEBORAH A. PRUITT, § |
| PLAINTIFF, § |
| § |
| v. § CASE NO. 3:22-CV-1325-M-BK |
| § |
| JOHN F WARREN, ET AL. § |
| DEFENDANTS. § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Deborah A. Pruitt's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 4; Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On June 17, 2022, Pruitt filed a complaint with over 380 pages of exhibits against Dallas County Clerk John F. Warren, Dallas County District Judge Melissa Jean Bellan, Progressive Mutual Insurance Company, attorney Dorothy Jean Mulichy Hyde, Hyde's legal assistant Roderick Linnear, and attorneys Jeanne Huey and Richard Martin Hunt. Doc. 3 at 2-3. Pruitt asserts Defendants violated her "constitutional right to a fair trial" by jury tampering and an "unlawful interpleader . . . in violation of [her] individual rights under the Fourth Amendment"

and 42 U.S.C. § 1983. Doc. 3 at 2-3. She also contends Defendants violated federal criminal statutes. Doc. 3 at 4. Pruitt seeks monetary damages. Doc. 3 at 16.

As best as the Court can glean from the complaint, Hyde represented Pruitt in 2017 following a traffic accident. Doc. 3 at 6-7. Although a settlement was reached with Progressive in the amount of $90,000, Pruitt disputes that she owes one third of the settlement plus expenses to Hyde for legal services rendered. Doc. 3 at 6-7. She contends Hyde did not do any legal work and, thus, the lien Hyde placed on the settlement funds was fraudulent. Doc. 3 at 6.

In 2018, Pruitt sued Hyde in Dallas County District Court—Judge Bellan's court—but the jury eventually ruled against her in June 2021. *Pruitt v. Hyde*, No. CC-18-01834-B (Dallas Cnty. Court No. 2). A take nothing judgment was entered, and Pruitt's appeal is pending before the Fifth Court of Appeals in Dallas, Cause Number 05-21-00862-CV.

In October 2021, Pruitt filed a second suit complaining of misconduct and fraudulent misrepresentation by Hyde relating to document production in the 2018 case. *See Pruitt v. Hyde*, No DC-21-15527 (44th Judicial District Court, Dallas Cnty.). That case remains pending.[1]

In the case *sub judice*, Pruitt makes many of the same allegations relating to "knowingly fraudulent documents," which she claims Judge Bellan allowed to be presented to the jury, as in her state case. Doc. 3 at 6. Pruitt also alleges that Judge Bellan conspired with Hyde, Linnaer, Hunt, and Huey "to deprive Plaintiff of civil rights to a fair trial, and then misled the jury in writing which was an act under the color of law, which then illegally favored the defendants on

---

[1] The docket sheets in Pruitt's cases are available on the Dallas County and the Fifth Court of Appeals official websites at the following links: https://www.dallascounty.org/services/record-search/ and https://www.txcourts.gov/5thcoa/ (last accessed July 13, 2022). The Court takes judicial notice of the state court docket sheets and electronic documents. *See* FED. R. EVID. 201(a) and (b)(1).

June 18, 2021." Doc. 3 at 6. Pruitt argues that Warren "allowed Progressive to deposit[] Plaintiff's $30,450 into the registry of the court without a signed court order and proof of a legally binding contract between Hyde and Pruitt . . . ." Doc. 3 at 8.

Pruitt contends Judge Bellan had a duty to protect Pruitt's right to a fair trial, but "failed to act as a reasonable judge would have acted in the same or similar circumstances." Doc. 3 at 10-11. Specifically, she contends that Judge Bellan (1) did not "review what evidence was being presented to the jury," (2) "conspired with defendants" and engaged in unspecified fraud during the trial, and (3) was "the moving force for the illegal[] verdict on June 18, 2021 when she misled the jury in writing." Doc. 3 at 10-12. Pruitt also contends that Hunt violated one of Judge Bellan's order on June 11, 2021, Doc. 3 at 8-9, and that Hyde, Linnaer, Huey, and Hunt "used forged, altered, fraudulent documents and counterfeit to obtain an illegitimate benefit from the jurors, Doc. 3 at 15. Pruitt asserts that Judge Bellan, Hyde, Linnaer, Huey, and Hunt's actions violated federal criminal statutes. Doc. 3 at 8-9, 12-16 (citing 18 U.S.C. §§ 1504 and 1509 and 8 U.S.C. § 1324(c)).

Upon review, Pruitt's complaint is frivolous, lacking in any legal or factual basis, and should be dismissed *sua sponte*.

**II. ANALYSIS**

Because Pruitt is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law

when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Pruitt's complaint is frivolous and fails to state a claim.

To the extent Pruitt alleges criminal law violations under 18 U.S.C. §§ 1504 and 1509 and 8 U.S.C. § 1324(c), her request lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M*., 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Pruitt has pled nothing that would even come close to meeting that burden. *See also Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), *R. & R. accepted*, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007). Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Likewise, Pruitt fails to state a plausible claim for relief under 42 U.S.C. § 1983 against Hyde, Linnear, Huey, Hunt, and Progressive. While she purports to allege Fourth Amendment and other unspecified "civil rights" violations, she cannot satisfy the requirements of 42 U.S.C. § 1983 that these Defendants, private citizens and an entity, must have acted under color of state law. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[M]ere private conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoted case omitted)).[2] Pruitt's bare assertion that Judge Bellan conspired with these Defendants to deprive Pruitt of a fair trial, does not allege, let alone prove, that the Defendants' ostensible actions were fairly attributable to the state or that they acted in concert with a state actor to deprive Pruitt of her rights. Doc. 3 at 6, 10; *see Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017) ("a private citizen may be a state actor . . . if she 'is involved in a conspiracy or participates in joint activity with state actors'" (quoted case omitted)); *Castro Romero v. Becken,* 256 F.3d 349, 355 (5th Cir. 2001) (finding no section 1983 liability absent allegation that non-governmental defendants acted in concert with a governmental entity to deprive the plaintiff of his rights).

Similarly, insofar as Pruitt relies on 42 U.S.C. § 1985(3), her claim fares no better.[3] Doc. 3 at 1. Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race. *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971). While Pruitt vaguely references 42 U.S.C. 1985 and

---

[2] To pursue a section 1983 claim, the plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] Because sections 1985(1)-(2) relate to preventing an officer from performing duties, or intimidating a party, witness, or juror in a court proceeding, they are not relevant here. *See* 42 U.S.C. § 1985.

conspiracy, she plainly fails to plead any facts in support of her claim. Doc. 3 at 4. Bald allegations that a conspiracy existed are insufficient under the civil rights statutes. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987); *Way v. Mueller Brass Co.*, 840 F.2d 303, 308 (5th Cir. 1988) ("Plaintiffs who assert conspiracy claims under the civil rights statutes must plead the operative facts showing a prior illegal agreement, and bald allegations of an agreement do not suffice." (internal quotation marks and citation omitted)). Pruitt has not alleged plausible facts supporting her allegations that the Defendants conspired or otherwise agreed to deprive her of constitutional rights. *Dunsmore v. Kenyon*, No. 21-10496, 2022 WL 715490, at *1 (5th Cir. Mar. 9, 2022) (per curiam) ("[S]peculative and conclusory allegations are insufficient to state a conspiracy claim under § 1985." (citations omitted)). Moreover, although section 1985(3) covers private conspiracies, it was not "intended to apply to all tortious, conspiratorial interferences with the rights of others." *Griffin*, 403 U.S. at 101-02.

In addition, Judge Bellan is entitled to absolute immunity from damages claims stemming from rulings in Pruitt's case. It is clear from the complaint that the complained of actions were performed in Judge Bellan's capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Likewise "court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. June 1981)). This quasi-judicial immunity extends to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (per

curiam). Here, Pruitt posits that on December 5, 2018, Warren permitted Progressive "to deposit Plaintiff's $30,450.00 into the registry of the court without a signed court order and proof of a legally binding contract between Hyde and Pruitt . . . ." Doc. 3 at 8. Pruitt, however, has not complained of any action by the clerk of court that is "nonjudicial in nature."

That notwithstanding, any § 1983 claim against Warren is also barred by the two-year statute of limitations. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (concluding § 1983 actions in Texas are governed by the two-year personal injury limitations period and courts can raise the affirmative defense of the statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (providing two-year limitations period for personal injury claims). As noted, Pruitt maintains the event at issue occurred on Monday December 5, 2018. Doc. 3 at 8. Thus, the deadline to file suit for civil rights violations was two years later on Monday December 7, 2020. *See* FED. R. CIV. P. 6(a). Pruitt did not file this action until June 17, 2022—more than one and one-half years outside the applicable limitations' period.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend her complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Pruitt's apparent claims are fatally infirm. Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, she could allege cogent and viable legal claims. Under these circumstances, the Court can only conclude that she has already pled her best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on August 4, 2022.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).